UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8588 CAS (JWJx) | Date | August 17, 2009 |
|---|---|---|---|
| Title | JACKIE TATES v. DANIEL ALAWOYA; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Masuda | Brent Reden |

**Proceedings:**   **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** (filed 06/02/09)

**I.   INTRODUCTION**

On December 12, 2008, plaintiff Jackie Tates filed suit against defendants Daniel Alawoya; Patton State Hospital; Octavio C. Luna; Peggy Jackson; the California Department of Corrections and Rehabilitation; the California Department of Mental Health; the California Heath and Human Services Agency; and the Department of Developmental Services, alleging claims for (1) deprivation of civil rights, pursuant to 42 U.S.C. § 1983; (2) assault and battery; (3) intentional/negligent infliction of emotional distress; and (4) negligence.  On February 20, 2009, plaintiff filed a first amended complaint.  On April 20, 2009, pursuant to a stipulation between the parties, plaintiff filed a second amended complaint ("SAC") against defendants alleging claims for (1) deprivation of civil rights, pursuant to 42 U.S.C. § 1983 against defendants Alawoya, Luna, and Jackson; (2) failure to summon immediate medical care, pursuant to Cal. Govt. Code § 845.6 against defendants Alawoya, Luna, and Jackson; (3) assault and battery against defendant Alawoya; (4) intentional and negligent infliction of emotional distress against all defendants; (5) negligence against all defendants

On June 2, 2009, defendants Patton State Hospital, the California Department of Corrections and Rehabilitation, the California Department of Mental Health, the California Heath and Human Services Agency, and the Department of Developmental Services filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  On July 27, 2009, plaintiff filed her opposition.  On August 4, 2009, defendants filed their reply.  A hearing was held on August 17, 2009.  After carefully considering the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8588 CAS (JWJx) | Date | August 17, 2009 |
|---|---|---|---|
| Title | JACKIE TATES v. DANIEL ALAWOYA; ET AL. | | |

arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff, a pre-operative male-to-female transsexual, is a prisoner/patient in the custody of defendant Patton State Hospital. Plaintiff alleges that on the evening of January 28, 2008, she was sexually assaulted by defendant Daniel Alawoya, who was a psychiatric technician at Patton State Hospital. Plaintiff further alleges that defendant Peggy Jackson was supervising the floor that plaintiff resided in when she was attacked. Plaintiff alleges that she notified other staff members of the attack and requested an HIV test, but was not given a test until several months after the attack.

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8588 CAS (JWJx) | Date | August 17, 2009 |
|---|---|---|---|
| Title | JACKIE TATES v. DANIEL ALAWOYA; ET AL. | | |

theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

    B.    **Eleventh Amendment**

The Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not expressly provide that a federal court may not entertain a suit brought by a citizen against his own state, the Supreme Court has "recognized that [the Eleventh Amendment's] greater significance lies in its affirmation that the fundamental principal of sovereign immunity limits the grant of judicial authority in Article III." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984). Thus, as the Court held in Hans v. Louisiana, 134 U.S. 1 (1890), a federal court could not entertain a suit brought by a citizen against his own State unless the state has consented to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8588 CAS (JWJx) | Date | August 17, 2009 |
|---|---|---|---|
| Title | JACKIE TATES v. DANIEL ALAWOYA; ET AL. | | |

jurisdiction. The Ninth Circuit Court of Appeals has held that the Los Angeles County Superior Court is a State agency for purposes of sovereign immunity. Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987). Furthermore, the Eleventh Amendment bars suit against state officials when the state is the "real , substantial party in interest," regardless of whether the suit seeks damages or injunctive relief. Pennhurst, 465 U.S. at 100.

## IV.  DISCUSSION

Defendants argue that plaintiff's claims are barred because defendants are entitled to immunity pursuant to the Eleventh Amendment. Mot. at 1-2 (citing Hoohuli v. Ariyoshi, 741 F.2d 1169, 1173 (9th Cir. 1984); Belanger v. Madera Unified School Dist., 963 F.2d 248, 250 (9th Cir. 1992)). Defendants further argue that they are not subject to suit pursuant to 42 U.S.C. § 1983 because states and state officials sued in their official capacity are not "persons" within the definition of § 1983. Id. at 3-4 (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989)).

Plaintiff responds that she incorrectly assumed that the state would "waive jurisdiction" and requests that the court "transfer this matter to State court." Opp'n at 2. Alternatively, plaintiff requests that the Court grant her leave to amend to dismiss "STATE" and continue to pursue her claims against the other named defendants. Id.

Defendants respond that they are not opposed to plaintiff proceeding with her alleged claims in state court and that they have not prevented plaintiff from dismissing this suit and refiling her claims in state court. Reply at 2. Defendants request that the Court grant their motion and instruct plaintiff to pursue her claims in state court. Id.

The Court concludes that plaintiff's claims against defendants are barred because defendants, as instrumentalities of the State of California, are entitled to immunity pursuant to the Eleventh Amendment. Belanger, 963 F.2d at 250 ("it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent"). Furthermore, the Court does not have authority to transfer plaintiff's case to state court. Therefore, the Court concludes that plaintiff's claims against defendants should be dismissed and plaintiff is free to re-file her claims in state court.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-8588 CAS (JWJx) | Date | August 17, 2009 |
|---|---|---|---|
| Title | JACKIE TATES v. DANIEL ALAWOYA; ET AL. | | |

///
///
///
///

### V.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss.  Plaintiff shall have 30 days to file an amended complaint.


IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |